UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 6:07-95-KKC

ELMALENE HURST, PLAINTIFF

v. **OPINION AND ORDER**

MICHAEL B. MUKASEY,
UNITED STATES ATTORNEY GENERAL,
and UNITED STATES DEPARTMENT OF JUSTICE,
BUREAU OF PRISONS, FEDERAL
CORRECTIONAL INSTITUTION (FCI),
MANCHESTER, KENTUCKY, DEFENDANTS

\* \* \* \* \* \* \* \*

This matter is before the Court on the Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [R. 17]. Upon review of the arguments raised in the Motion to Dismiss, the Court is convinced that Defendants' position has legal merit. Plaintiff has brought retaliation claims pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e. However, it appears that Plaintiff failed to timely exhaust her administrative remedies for most of her claims, which she needed to do by pursuing EEOC counseling within forty-five days of the alleged discriminatory events. *See* 29 C.F.R. § 1614.105(a)(1). As such, the Court must dismiss Plaintiff's action to the extent of her unexhausted retaliation claims. *See, e.g.*, *Horton v. Potter*, 369 F.3d 906, 910 (6th Cir. 2004); *Steiner v. Henderson*, 354 F.3d 432, 434-35 (6th Cir. 2003); *Mitchell v. Chapman*, 343 F.3d 811, 819-20 (6th Cir. 2003); *Burzynski v. Cohen*, 264 F.3d 611, 617 (6th Cir. 2001); *Benford v. Frank*, 943 F.2d 609, 612 (6th Cir. 1991).

Moreover, for Title VII retaliation claims, Plaintiff must satisfy several elements to carry her burden of proof: (1) that she engaged in protected activity; (2) that Defendants, her employers, had knowledge of the protected activity; (3) that Defendants then took an adverse action against her; and (4) that a causal connection exists between the protected activity and the adverse action. *Clay v. United*

*Parcel Serv., Inc.*, 501 F.3d 695, 701 (6th Cir. 2007). Plaintiff has not demonstrated that she can satisfy any of these four elements for the claims for which Plaintiff has timely exhausted her administrative remedies. In particular, Plaintiff cannot establish that she engaged in any prior protected activity that her employer was aware of. Indeed, her Complaint is extremely vague on what Plaintiff even alleges to be her protected activity. Any possible activity that she could point to, however, cannot constitute legally protected activity for purposes of her Title VII claims, as all possibilities were either activity performed by other individuals, activity that was resolved in Plaintiff's favor, or irrelevant *de minimis* activity. Accordingly, the Court must also dismiss the Complaint with respect to Plaintiff's timely exhausted claims.

The Court also notes that Plaintiff never filed a Response to the Defendants' Motion to Dismiss. Plaintiff had previously filed, and had been granted, a Motion for Extension of Time in which to file such a Response [R. 18 & 19]. However, Plaintiff did not file her Response by the date requested, May 22, 2008. Nor has Plaintiff made any other filings of any kind since that due date. As such, the Court assumes that Plaintiff chose not file a Response and did not wish to oppose the Defendants' Motion to Dismiss.

**WHEREFORE**, the Court being sufficiently advised, **IT IS HEREBY ORDERED** that:

(1)  Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment is **GRANTED**.

Dated this 24th day of June, 2008.



**Signed By:**

*Karen K. Caldwell*

**United States District Judge**